IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GEORGE A. MILLER

Plaintiff

vs                                                    CIVIL 12-1645CCC

UNITED STATES OF AMERICA;
U.S. DEPARTMENT OF VETERANS
AFFAIRS MEDICAL CENTER, SAN JUAN;
COMMONWEALTH OF PUERTO RICO;
PUERTO RICO POLICE DEPARTMENT;
DEPARTMENT OF CORRECTIONS AND
REHABILITATION; CENTRO MEDICO DE
RIO PIEDRAS; ADMINISTRACION DE
TRIBUNALES; HERTZ CAR RENTAL

Defendants

## OPINION AND ORDER

Plaintiff George A. Miller (Miller) filed a pro se complaint under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act (42 U.S.C. § 2000e et. seq.) against multiple governmental defendants and a rental car company (docket entry 2) seeking redress for alleged constitutional violations and discrimination suffered by him resulting from an arrest that took place on August 9, 2011 and its aftermath. Named as defendants were the United States, the U.S. Department of Veterans Affairs Medical Center (hereinafter the federal defendants), the Commonwealth of Puerto Rico, the Puerto Rico Police (PRP), the Department of Corrections and Rehabilitation, Centro Médico Río Piedras, Administration of Tribunals, Department of Public Works and Transportation (DTOP) (hereinafter the Commonwealth defendants), and Hertz Car Rental (Hertz). Before the Court now are the Motion to Dismiss filed by the Commonwealth defendants on December 10, 2012 (**docket entry 17**) and the Motion to Dismiss Complaint filed by the federal defendants on December 23, 2012 (**docket entry 24**), which plaintiff opposed on May 6, 2013 (docket entry 28).

The factual scenario, as narrated in the complaint, follows: Miller, who describes himself as an African-American, Vietnam War veteran, had rented a Ford Taurus from Hertz

CIVIL 12-1645CCC                    2

which he apparently failed to return when due although he claims having notified Hertz via telephone that he was "ill and facing kidney surgery."  Complaint at ¶ 21.  On August 9, 2011, while driving the rental car on State Road 2 headed to the Veterans Affairs Medical Center in San Juan to undergo the kidney surgery, he was involved in a car accident with a vehicle driven by an off duty member of defendant PRP.  The highway patrol that responded to the accident noticed that the registration sticker in Miller's rental car had expired, which prompted Miller to explain to her that since it was a rental he was not responsible for the sticker's expiration.  The patrol officer then made a call over her radio, told Miller that the car was "overdue," and placed him under arrest.

Although Miller explained to the patrol officer that he needed to get to the Veterans Affairs Medical Center in San Juan for his scheduled surgery, that said surgery was overdue, and that he was facing kidney complications and the possible loss of his left kidney, and showed her official documentation confirming that the surgery was scheduled for that day, his pleas were ignored and instead the arresting officers transported him first to the Highway Patrol Unit in Sabana Grande and later to a court in Mayaguez.  Once in court (where formal charges were apparently filed against him although their nature are not too clear from the allegations), bail was imposed in the amount of one million dollars.  It may be inferred that he never posted it, as he ended in custody at Ponce Correctional 500, a local correctional institution.  While incarcerated, Miller avers having informed that he was passing massive amounts of blood in his urine, but claims having been denied proper medical treatment by the correctional authorities.  He allegedly suffered a "Coronary Artery Vaso Spasm Attack" at one point, but instead of being rushed to the nearest hospital was transferred from the Ponce correctional institution to the Centro Médico in San Juan, two (2) hours away.

Against this factual backdrop, Miller has claimed that the various governmental defendants incurred in several constitutional violations under the Fifth, Eighth and Fourteenth Amendments and in acts of discrimination under Title VII of the Civil Rights Act.

CIVIL 12-1645CCC                                3

As to the federal defendants, it is alleged that the United States failed to comply with its "constitutional obligation to protect the rights of the people," and  the U.S. Department of Veterans Affairs Medical Center with its "mandate to care for the Veteran Community." Complaint, at ¶ 20.  With regard to the Commonwealth defendants, Miller blames (1) the PRP for failing to confirm with the Veterans Administration hospital that he was scheduled for surgery and instead arresting him, (2) the court system, through defendant Administration of Tribunals, for imposing excessive bail and subjecting him to cruel and unusual punishment and also discriminating against him on the basis of race, (3) the correctional authorities, through defendant Department of Corrections and Rehabilitation, for failing to timely present him in court to face the charges pending against him, and also for denying him the appropriate medical treatment, (4) the Centro Médico for also denying him proper medical treatment and (5) all the local defendants, including the Commonwealth itself, for continuously failing to provide him with the adequate medical treatment for his condition. The Court notes, however, that no specific factual allegations of wrongdoing appear in the complaint against defendant DTOP, since the only one mentioning said defendant merely states that it issued plaintiff a driver's license.   Cf. ¶ 24.

        The Commonwealth defendants' dismissal motion (docket entry 17) is two-pronged. As to the constitutional claims brought by plaintiff against them, they invoke the cloak of immunity provided by the Eleventh Amendment.  On the Title VII claim premised on their alleged discriminatory treatment of plaintiff, the Commonwealth defendants aver that since there was no employer-employee relationship between any of them and Miller, it also fails. In his opposition to the Commonwealth's dismissal motion (docket entry 28), Miller only makes reference to a long-standing institutional suit in this District where orders were issued against government officials, and rhetorically questions why orders could be issued there against the Commonwealth defendants if they were indeed immune.  He does not address at all the arguments made against his claim under Title VII.

CIVIL 12-1645CCC                                    4

It is apodictic that the Eleventh Amendment shields a State from being haled into federal court if it has not consented to the same.  See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S.Ct. 900 (1984).  Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991).  Puerto Rico enjoys the same immunity from suit that a State has under the Eleventh Amendment.  Maysonet–Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir. 2003).  The Commonwealth has neither consented to be sued for damages in a federal court in the circumstances of this case nor waived its Eleventh Amendment immunity.  The Commonwealth, hence, clearly enjoys Eleventh Amendment immunity from suits for money damages brought in federal court such as the instant one filed by Miller.

The Eleventh Amendment immunity extends not only to the states themselves, but also to the entities that are determined to be arms or "alter egos" of the state.  Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993).  It has been held that defendants Puerto Rico Police Department, see McLeod-López v. Algarín, 603 F.Supp. 2d 330, 343 (D.P.R. 2009), the Department of Corrections and Rehabilitation, see Martínez-Machicote v. Ramos–Rodríguez, 553 F.Supp. 2d 45, 51 (D.P.R. 2007), the Commonwealth's Medical Services Administration, which administers defendant Centro Médico, see Rodríguez Díaz v. Sierra Martínez, 717 F.Supp. 27, 29–31 (D. Puerto Rico 1989), the Administration of Tribunals, see López-Mulero v. Vález-Colón, 490 F.Supp. 2d 214, 226 (D.P.R. 2007) and the Department of Public Works and Transportation (DTOP), see Torres-Santiago v. Alcaraz-Emmanuelli, 553 F.Supp. 2d 75, 81 (D.P.R. 2008) are all arms of the state within the purview of the Eleventh Amendment. Thus, as all the Commonwealth defendants enjoy Eleventh Amendment immunity, Miller's suit against them seeking damages for putative constitutional torts is barred in this court.[1]

---

[1]Miller's questioning in his opposition on why the Eleventh Amendment immunity has not been an issue in other actions filed in this Court against government officials has a simple answer:  the Ex-Parte Young doctrine.  Pursuant to said doctrine, suits are allowed to proceed against state officers in their official capacities to compel them to comply with

CIVIL 12-1645CCC                                    5

As to the Title VII claims asserted by Miller, which are based on alleged acts of racial discrimination, the Commonwealth defendants are correct in their assertion that Title VII only protects against discrimination in the workplace.  See 42 U.S.C. § 2000e-2(a).  Miller, however, has not alleged being currently employed by, nor having a past or prospective employment relationship with, any of the Commonwealth defendants.  This is enough to defeat his claim under Title VII against them.

Accordingly, and for the reasons stated, the Motion to Dismiss filed by the Commonwealth defendants (**docket entry 17**) is GRANTED.  Partial judgment will be entered dismissing the complaint filed by Miller against them.

The federal defendants' dismissal motion (docket entry 24), in turn, is strictly based on Miller's failure to timely serve them with process pursuant to the applicable procedural rules.  They posit that pursuant to Fed. R. Civ. P. 4(i)(1) and 2, proper service upon them required that the Attorney General of the United States, the U.S. Attorney for the District, and the Secretary of the Department of Veterans Affairs be all served with summons, which plaintiff allegedly failed to do.  In his response, Miller makes a blanket assertion that the U.S. Marshals Service "executed service of summons and complaint upon each and every defendant."  He also argues that since the local U.S. Attorney serves as counsel for the federal defendants, service upon her should be enough to assert jurisdiction over them although it never makes a claim of having actually served her.  He deems frivolous the government's dismissal motion, and asks us to deny it.

Fed. R. Civ. P. 4(i) provides in its relevant part:

(i)   Serving the United States and Its Agencies, Corporations, Officers, or Employees.

(1)   United States.  To serve the United States, a party must:

---

federal law.  Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  However, no state officers were sued in this action.

CIVIL 12-1645CCC                                    6

        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

  (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

        (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

  (2)  Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

      The requirements of the Rule are clear and unambiguous.  At a minimum, in order to properly serve the United States, copy of the summons and the complaint had to be personally  delivered to the U.S. Attorney for this District (or her designated Assistant U.S. Attorney) or sent by registered or certified mail to said Office's civil-process clerk. Additionally, a copy of the summons and complaint had to be mailed by registered or certified mail to the Attorney General at Washington, D.C.  The record does not show that Miller complied with this exact procedure.  Consequently, defendant United States was not timely served with process, and the complaint filed against it must be dismissed.

      As to the remaining federal defendant, the United States' Department of Veterans' Affair, the Rule requires that in addition to serving the United States the plaintiff also had to send a copy of the summons and the complaint to the agency by registered or certified mail. As noted above, the United States was never properly served.  And, while the record reflects that summons were issued for defendant Department of Veterans Affair Medical Center and personally served upon a legal assistant at said center (see docket entry 5), there is no indication, nor has Miller claimed, that copies of the summon and complaint were actually

CIVIL 12-1645CCC                              7

sent by registered or certified mail to the agency itself.  As a result, defendant Department of Veterans Affairs was not timely served with process either, and the complaint filed against it must also be dismissed.

Therefore, and for the reasons stated above, the Motion to Dismiss filed by the federal defendants (**docket entry 24**) is similarly GRANTED.  Partial judgment will be entered dismissing the complaint filed by Miller against them.

In sum, all claims filed against defendants United States, the U.S. Department of Veterans Affairs Medical Center, the Commonwealth of Puerto Rico, the Puerto Rico Police (PRP), the Department of Corrections and Rehabilitation, Centro Médico Río Piedras, Administration of Tribunals and Department of Public Works and Transportation (DTOP) will be dismissed, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on September 20, 2013.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge